```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION

UNITED STATES OF AMERICA      )
                              )
          v.                  )    CRIMINAL NO. 2:05 MJ 278
                              )
ERIC E. DUHACK                )
```

## OPINION AND ORDER

At the December 22, 2005 initial appearance, the government requested that the defendant, Eric Duhack, be held without bond. A detention hearing was conducted on December 28, 2005, and the court now makes the following findings of fact:

1. The defendant currently is charged in a one count criminal complaint with a violation of 18 U.S.C. ß922(a)(6). If convicted, the defendant faces a maximum sentence of ten (10) years imprisonment.

2. At the detention hearing, the government relied upon the probable cause affidavit and the prebond report prepared by the United States Probation Department. The government also proffered evidence along with two exhibits. The defendant proffered evidence.

3. On September 21, 2005, the defendant was charged with three counts of armed robbery in the Lake County Superior Court. According to the probable cause affidavit, the defendant robbed three individuals at gunpoint on July 7, 2005. Although the defendant gave a statement denying any involvement in the armed robbery, he admitted that he was aware that the armed robbery had

occurred and that he received some of the money taken in the armed robbery.  (Government Exh. 1)

    4.  On September 21, 2005, the defendant was charged with armed robbery in the Lake County Superior Court.  According to the probable cause affidavit, the defendant and another individual confronted passengers in a vehicle on August 19, 2005, and demanded money at gunpoint.  After his arrest, the defendant admitted his involvement in this armed robbery.  (Government Exh. 2)

    5.  On September 23, 2005, the defendant was released on bond in both cases.

    6.  On December 10, 2005, the defendant obtained an AK-47 rifle from Blythe's Sport Shop.  Prior to obtaining the rifle, the defendant completed an ATF Form 4473 and denied any criminal record.

    7.  On December 14, 2005, the defendant again returned to Blythe's Sport Shop and completed an ATF Form 4473 denying any criminal record.  The defendant was attempting to purchase another rifle.

    8.  A female friend of the defendant was involved in the purchase of the AK-47 rifle.  The defendant provided her with $400 to purchase the rifle.  Because the female friend has not returned the money to the defendant, he has made threats to kill her.

    9.  The defendant was arrested on December 22, 2005.  A search of his vehicle revealed a handgun.  The defendant subse-

quently gave a statement indicating that he had obtained the gun two months prior to his arrest.

10.  After his arrest, federal agents searched the defendant's residence.  They discovered two safes containing $4,000 in cash, cocaine, marijuana, and scales.

11.  In the prebond report, the defendant admitted to using marijuana on a regular basis.

12.  At the time of his arrest, the defendant was employed at Burger King in Schererville, Indiana.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e) The defendant currently is charged with multiple counts of armed robbery based upon two separate incidents.  While the defendant was on bond, he falsified the federal forms required to obtain firearms.  At the time of his arrest, the defendant also was in possession of a handgun.  A search of the defendant's residence revealed cash, narcotics, and a scale.

The defendant has admitted to using marijuana on a regular basis.  *See generally* **United States v. Raimondi**, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").  Under all of the circumstances, it is

3

unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. ß 3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 5th day of January, 2006

                                                  s/Andrew P. Rodovich
                                                  United States Magistrate Judge